UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD HARRIS** | **CIVIL ACTION** |
| **VERSES** | **NO: 15-3068** |
| **LLOYD SHIELDS ET AL** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Port of South Louisiana's Motion to Dismiss (Doc. 4). For the following reasons, this Motion is granted.

## BACKGROUND

Plaintiff's bare-bones complaint names a litany of parties as Defendants: Lloyd Shields, Andrew Vicknair, Jeffry Prattini, Jessica Derenbecker, The Port of South Louisiana,[1] URS Corporation, AECON Corporation, Joel Chaisson, Paul Aucoin, Mike Patorno, Andrew Piper, Paul Robichaux, Joseph Scontrino, Joey Murray, Stanley Bazile, Ramon Fryoux,

---

[1] Defendants Paul Aucoin, D. Paul Robichaux, Joseph Scontrino, P. Joey Murray, III, Stanley Bazile, Raymond Fryoux, Louis Joseph, Rober "Poncho" Roussel, and Joel T. Chaisson are all representatives of the Port of South Louisiana (the "Port Defendants").

1

ABC Insurance Co., Louis Joseph, and Robert "Poncho" Roussel. Plaintiff's complaint is nearly devoid of factual allegations. In the sole factual allegation of his complaint, Plaintiff alleges that Defendants Lloyd Shields, Andrew Vicknair, Jeffrey Prattini, and Jessica Derenbecker have committed "RICO/professional malpractice by failing to fulfill fiduciary responsibilities by providing proper legal representation for Case no. 63737. Plaintiffs' legal counsel withdrawing from Case No. 63737, without an explanation, after handling the case for a substantial amount of time, with no movement towards a resolution." The Port Defendants filed this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Though Plaintiff has not opposed the motion, the Court may not simply grant the motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, this Court has considered the merits of Defendants' motion.

**LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[3] In ruling on a Rule 12(b)(1) motion to dismiss, the court

---

[2] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[3] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[4] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[5]

## LAW AND ANALYSIS

The Port Defendants have moved the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court addresses the jurisdictional challenge first.[6] Though only the Port Defendants have moved for dismissal at this time, the Court will *sua sponte* examine its subject matter jurisdiction over Plaintiff's claims against all Defendants.[7]

Plaintiff's Complaint fails to allege a basis for jurisdiction.[8] Nevertheless, because Plaintiff is a *pro se* litigant, the Court must liberally construe his complaint.[9] The basic statutory grants of federal subject matter

---

[4] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).

[5] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[6] *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

[7] The Court is duty-bound to examine the basis of subject matter jurisdiction. *Lane v. Halliburton,* 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters BankNat'lAss'n v. Salih,* 369 F.3d 457, 460 (5th Cir. 2004)).

[8] Under the heading "jurisdiction," Plaintiff's complaint states "Hon. Madelin [sic] Jasmine, Judge, 40th Judicial district Division 'A.'" This statement fails to identify any basis for jurisdiction.

[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Because the Complaint does not explicitly state the basis for subject matter jurisdiction, the Court will address both statutes.

## I. Federal Question Jurisdiction

Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[10] The well-pleaded complaint rule governs the existence *vel non* of federal question jurisdiction.[11] Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[12] A federal question is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[13] Federal question jurisdiction is not invoked when a purported federal claim is "so insubstantial, implausible, foreclosed by prior decision . . . or otherwise completely devoid of merit as not to involve a federal controversy."[14]

Though Plaintiff's Complaint does contain the word "RICO," (presumably a reference to the Racketeer Influenced and Corrupt Organizations Act), it is wholly devoid of allegations sufficient to support

---

[10] 28 U.S.C. § 1331.

[11] *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 (5th Cir. 2003).

[12] *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

[13] *Vaden v. Discovery Bank,* 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").

[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).

such a claim.  Under 18 U.S.C. § 1964(c), to have standing to assert a civil RICO claim, a Plaintiff must allege that he has suffered injury to business or property that was proximately caused by defendant's predicate criminal acts.[15]  Plaintiff's complaint is devoid of an allegation of criminal wrongdoing that would give rise to a claim under RICO.[16]  Plaintiff also fails to plead an injury to his person or property sufficient to give rise to a civil RICO cause of action.  At best, the Complaint alleges a professional malpractice claim against former counsel.  Malpractice claims do not implicate a federal question.  The Court therefore lacks federal question jurisdiction over any of Plaintiff's claims in this case.

### II. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, a court has diversity jurisdiction over a case where the parties are citizens of different states and the amount in controversy exceeds $75,000.  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[17] The Complaint does not allege the Plaintiff's own citizenship nor that of the Defendants. Thus, Plaintiff has failed to carry his burden of "distinctly and affirmatively alleg[ing] the citizenship of the parties."[18]  Moreover, were the Court to liberally construe the Complaint, it appears that  complete diversity is lacking.  Plaintiff appears to be a citizen

---

[15] *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 266 (1992).

[16] The Court further notes that Plaintiff has failed to file a RICO case statement pursuant to the Court's July 30, 2015, RICO Standing Order.  The deadline to do so was August 19, 2015.

[17] *McLaughlin v. Miss. Power Co.,* 376F.3d 344, 353 (5th Cir. 2004).

[18] *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).

of Louisiana, as he alleges domicile in Jefferson Parish and has provided the Court with a Louisiana address. Defendant Port of South Louisiana is a political subdivision of the state, and is therefore a citizen of Louisiana for purposes of diversity of citizenship.[19] Complete diversity of citizenship is therefore lacking, and the Court does not have § 1332 jurisdiction over any of Plaintiff's claims in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiff's claims against the Port Defendants are DISMISSED.

IT IS FURTHER ORDERED that, upon a *sua sponte* review of the Court's subject matter jurisdiction, Plaintiff's claims against all Defendants are DISMISSED for lack of subject matter jurisdiction. The case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this __7th__th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] *See Illinois v. City of Milwaukee, Wis.,* 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States.").